UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MISTY G.,

                                        **Plaintiff,**

    vs.                                                        **3:18-CV-206**
                                                               **(MAD)**

COMMISSIONER OF SOCIAL SECURITY,

                                        **Defendant.**

---

**APPEARANCES:**                              **OF COUNSEL:**

**OLINSKY LAW GROUP**                         **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street, Suite 210
Syracuse, New York 13202
Attorney for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**           **CANDACE BROWN CASEY, ESQ.**
6401 Security Boulevard
Baltimore, Maryland 21235
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Howard D. Olinsky ("Petitioner"), the attorney for Misty G. ("Plaintiff"), moves this Court pursuant to 42 U.S.C. § 406(b)(1) for an award of attorney's fees based on the contingency fee agreement between Plaintiff and Petitioner. *See* Dkt. No. 40. The Commissioner of Social Security ("Defendant" or the "Commissioner") "neither supports nor opposes counsel's request for attorney's fees in the amount of $55,972.25[,]" and asserts that "[i]t is for the Court to decide" whether the requested fee award is reasonable. Dkt. No. 42 at 1.

For the following reasons, Petitioner's motion is granted.

1

## II. BACKGROUND

Plaintiff commenced this action on February 16, 2018, seeking review of Defendant's decision denying her "application for Social Security Disability Insurance benefits and Supplemental Security Income benefits for lack of disability." Dkt. No. 1 at 1. On September 6, 2018, pursuant to the parties' stipulation, this Court remanded the case for further administrative proceedings. *See* Dkt. No. 15.

The case was reopened in this Court and consolidated with another action in 2020 based on Plaintiff's appeal of a second unfavorable decision. *See* Dkt. Nos. 18, 33. Defendant opposed the appeal. *See* Dkt. No. 34. On January 21, 2022, this Court vacated the Commissioner's second unfavorable decision and remanded the matter for further administrative proceedings. *See* Dkt. No. 35. Following the remand, Petitioner moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* Dkt. No. 37. On May 2, 2022, this Court approved a stipulated award of $8,370 in attorney's fees under the EAJA. *See* Dkt. Nos. 38, 39.

On remand, the Commissioner issued a determination in Plaintiff's favor. *See* Dkt. No. 40-1 at ¶ 8. Presently before the Court is Petitioner's motion for attorney's fees under 42 U.S.C. § 406(b), *see* Dkt. No. 40, which authorizes a court to grant "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits" awarded to a Social Security claimant, 42 U.S.C. § 406(b)(1)(A).

The contingency fee agreement between Petitioner and Plaintiff states that Petitioner may seek an award of twenty-five percent of past-due benefits that Plaintiff may receive. *See* Dkt. No. 40-1 at ¶ 3; *see also* Dkt. No. 40-2. According to Petitioner, Plaintiff's past-due benefits from July 2013 to June 2025 total $252,689. *See* Dkt. No. 40-1 at ¶ 4; *see also* Dkt. No. 40-3. Twenty-five percent of that amount is $63,172.25. *See* Dkt. No. 40-1 at ¶ 5. Petitioner seeks attorney's

fees in the amount of $55,972.25, as the fee agreement states that Petitioner cannot charge Plaintiff more than $7,200 for his work at the administrative level.  *See id.* at ¶¶ 5-7.

### III. DISCUSSION

"The effect of § 406(b) is threefold: 'it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits; and it requires court approval for whatever amount of fees should be paid.'"  *Mileke W. v. Comm'r of Soc. Sec.*, No. 5:22-CV-1387, 2025 WL 1951822, *2 (N.D.N.Y. July 16, 2025) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022)) (internal quotation marks, footnote, and alterations omitted). As the Second Circuit has stated, § 406(b) "allows contingency agreements but gives no guidance as to how a court should treat them in determining a reasonable fee."  *Fields*, 24 F.4th at 852 (quoting *Wells v. Sullivan*, 907 F.2d 367, 369 (2d Cir. 1990)) (internal quotation marks omitted). The Second Circuit directs district courts to "'approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness[.]'"  *Id.* at 853 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).  This "reasonableness" review considers the following factors:

> (1) whether the percentage is within the [twenty-five percent] cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases.

*Michael N. v. Comm'r of Soc. Sec.*, No. 5:23-CV-175, 2025 WL 1519316, *1 (N.D.N.Y. May 28, 2025) (citing *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021); *Fields*, 24 F.4th at 854).

Petitioner asserts that his requested fee amount does not constitute a windfall. *See* Dkt. No. 40-1 at ¶ 11. "In determining whether there is a windfall that renders a § 406(b) fee in a particular case unreasonable, courts must consider more than the *de facto* hourly rate." *Fields*, 24 F.4th at 854 (citation omitted). Other considerations include the attorney's ability, expertise, efficiency, and "the nature and length of the professional relationship with the claimant." *Id.* at 854-55. Attorneys and paralegals at Petitioner's law firm, which has represented countless Social Security plaintiffs in this District, "logged 46.7 hours representing Plaintiff before this [C]ourt" over the course of multiple appeals. Dkt. No. 40-1 at ¶ 9; *see also* Dkt. No. 40-4. "Of [that] time, 36.4 hours were attorney time and 10.3 hours were paralegal time." Dkt. No. 40-1 at ¶ 9; *see also* Dkt. Nos. 40-5, 40-6. The requested award of $55,972.25 implies a blended hourly rate of approximately $1,200 per hour for all timekeepers, including paralegals. Alternatively, if the 10.3 hours of paralegal time are billed at $100 per hour and deducted, as Petitioner suggests, the hourly attorney rate comes to approximately $1,500. *See* Dkt. No. 40-1 at ¶ 9. Courts have previously found that hourly rates higher than the one requested here were not an impermissible windfall to the plaintiff's attorney. *See, e.g.*, *Mileke W.*, 2025 WL 1951822, at *2-3 (finding that a rate of $2,000 per hour was not an improper windfall); *Michael N.*, 2025 WL 1519316, at *2 (same); *see also Timothy G. v. Comm'r of Soc. Sec.*, No. 18-CV-9235, 2025 WL 486774, *4-5 (S.D.N.Y. Feb. 12, 2025) (reducing a $2,000 hourly rate to $1,500 where counsel did not represent the plaintiff "at the agency level"). Under the circumstances of this case, the Court determines that Petitioner's requested fee amount is not an improper windfall.

Turning to the other reasonableness factors, there is no evidence of fraud or overreaching. Also, the record shows that Petitioner litigated the case through multiple appeals to a favorable outcome for Plaintiff, and there is no sign of undue delay attributable to Petitioner. Given

Petitioner and Plaintiff's contingency fee agreement, as well as the absence of objections to the requested fee, the Court finds that Petitioner's request for $55,972.25 in attorney's fees is reasonable.

Finally, "when an attorney seeks fees under both [the EAJA and § 406(b)], the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee[.]" *Mileke W.*, 2025 WL 1951822, at *3 (citing *Gisbrecht*, 535 U.S. at 796). Here, Petitioner states that he will refund the $8,370 EAJA award to Plaintiff. *See* Dkt. No. 40-1 at 3.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees (Dkt. No. 40) is **GRANTED** in the amount of $55,972.25; and the Court further

**ORDERS** that the Social Security Administration is directed to approve a payment of $55,972.25 to Petitioner, out of Plaintiff's past-due benefits; and the Court further

**ORDERS** that Petitioner is directed, upon payment of the § 406(b) award, to immediately refund Plaintiff the fee of $8,370 previously received under the EAJA; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 6, 2026
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

5